UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. BK09-42954 |
| | ) | (Chapter 13) |
| BARRY L SIMONS, | ) | |
| LESLIE L SIMONS, | ) | CHAPTER 13 PLAN and |
| Debtor(s). | ) | NOTICE OF RESISTANCE DEADLINE |

**1. PAYMENTS**

The Debtor or Debtors (hereinafter called "Debtor") submit to the Standing Chapter 13 Trustee all projected disposable income to be received within the applicable commitment period of the plan. Payment schedule is as follows:

| A. Monthly payment amount | B. Number of Payments | Base Amount (A x B) |
|---|---|---|
| $562.00 | 60 | $33,720.00 |
| Total Plan Base Amount | | $33,720.00 |

The payment shall be withheld from the Debtor's paycheck.
Employee's name, from whose check the payment is deducted: LESLIE L SIMONS
Employer's name, address, city, state, phone: STATE OF NEBRASKA, ACCOUNTING DIVISION, PO BOX 94664, LINCOLN, NEBRASKA 68509-4664  402.471.0614
Debtor is paid: BI-WEEKLY

This Plan cures any previous arrearage in payments to the Chapter 13 Trustee under any prior plan filed in this case.

NOTE: PLAN PAYMENTS TO THE TRUSTEE MUST BEGIN IMMEDIATELY FOR PLANS REQUIRING PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS OR LEASE PAYMENTS. IN THOSE CASES PROVIDING FOR EMPLOYER DEDUCTIONS, THE DEBTOR MUST MAKE DIRECT PAYMENT TO THE TRUSTEE BY MONEY ORDER OR CASHIER'S CHECK UNTIL THEIR EMPLOYER DEDUCTION BEGINS.  IN CASES WITHOUT PRE-CONFIRMATION PAYMENTS, PLAN PAYMENTS MUST COMMENCE WITHIN 30 DAYS OF FILING OF THE PETITION.  THE DEBTOR MUST MAKE DIRECT PAYMENT TO THE TRUSTEE UNTIL THEIR EMPLOYER DEDUCTION BEGINS.

**2. ORDER OF PAYMENT OF CLAIMS**

Applicable Trustee fees shall be deducted from each payment disbursed by the Trustee.  Claims shall be paid in the following order:  1) 11 U.S.C. § 1326(a) (1)(B) & (C) pre-confirmation payments for adequate protection or leases of personal property; 2) **Debtor's attorney fees**; 3) payments to secured creditors under 11 U.S.C. § 1325(a)(5), payments due on executory contracts, 11 U.S.C. § 507(a)(1)(A) priority domestic support claims and approved Chapter 7 Trustee compensation; 4) Other administrative expense claims under 11 U.S.C. § 503; 5) Other priority claims in the order specified in 11 U.S.C. § 507(a) including post petition tax claims allowed under 11 U.S.C. § 1305; 6) Co-signed consumer

debts; and 7) General unsecured claims. Unless otherwise noted, claims within each class shall be paid pro rata. If funds remain after payment of specific monthly payments provided for in the plan, the Chapter 13 Trustee may distribute those funds to secured creditors in payment of their allowed secured claims.

### 3. § 1326 (a) PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS AND LEASE PAYMENTS

The following pre-confirmation adequate protection payments on claims secured by personal property and pre-confirmation lease payments for leases of personal property shall be paid by the Trustee to the below listed creditors without entry of an order of the Court. The Debtor proposing pre-confirmation payments will <u>immediately</u> commence plan payments to the Trustee. Creditors must file a proof of claim to receive payment. Payments by the Trustee shall commence to these creditors within 30 days of the filing of the proof of claim unless the Trustee does not have funds available within 7 working days prior to the end of the 30 day period. Post-confirmation payments are provided for below in Paragraphs 6 and 7 of this Plan.

| Creditor's Name and Full Address | Last Four Digits of Account Number | Date of Next Payment Due | Payment Amount |
|---|---|---|---|
| NONE | | | |

### 4. ADMINISTRATIVE CLAIMS

Trustee fees shall be deducted from each payment disbursed by the Trustee.

Nebraska Rule of Bankruptcy Procedure 2016(A)(4) and Appendix "O" provide that a request for allowance of Chapter 13 Attorney fees not exceeding $3,000.00 and costs not exceeding $300.00 may be included in a Chapter 13 Plan. Total fees or costs in excess of this amount must be approved through a separate fee application. Fees and costs requested for allowance are as follows:

| Total Fees Requested: | Fees Received Prior to Filing: | Balance of Fees to be Paid in Plan: |
|---|---|---|
| 3000.00 | $226.00 | $2,274.00 |
| Total Costs Requested | Costs Received Prior to Filing | Balance of Costs to be Paid in Plan |
| $300.00 | $0.00 | $300.00 |

Fees and costs allowed shall be paid at the rate of not less than $500.00 per month and shall accrue from the month in which the case is filed, and shall be paid prior to commencing payments under Paragraph 6 of this Plan.

### 5. PRIORITY CLAIMS

11 U.S.C. § 1322(a) provides that all claims entitled to priority under 11 U.S.C. § 507(a) shall be paid in full in deferred cash payments unless the holder of a particular claim agrees to a different treatment of such claim except for a priority claim under 11 U.S.C. § 507(a)(1)(B). It is further provided that any

and all pre-petition penalties, and post-petition penalties and interest, which have attached or will be attached to any such claim, shall be treated as a general unsecured claim and not entitled to priority. Such claims are as follows:

**A) All Domestic Support Obligations as Defined in 11 U.S.C. § 101(14A):**
Name of Debtor owing Domestic Support Obligation: NONE
The Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim and not through the Chapter 13 Plan.

| Name | Address, City and State | Zip Code | Telephone Number |
|------|-------------------------|----------|------------------|
| NONE | | | |

**B) Arrearages Owed to Domestic Support Obligation Holders under 11 U.S.C. § 507(a)(1)(A)** to be paid after payment of attorney fees and costs in this case have been paid in full**:**

| Name of Creditor | Estimated Arrearage of Claim | Monthly Payment on Arrearage |
|------------------|------------------------------|------------------------------|
| NONE | | |

**C) Domestic Support Obligations Assigned To or Owed To a Governmental Unit Under § 507(a)(1)(B)** to be paid after payment of attorney fees and costs in this case have been paid in full**:**

| Name of Creditor | Estimated Arrearage Claim | Provision for Payment |
|------------------|---------------------------|-----------------------|
| NONE | | |

**D) Priority Tax Claims including Post-Petition tax claims allowed under 11 U.S.C. § 1305:**

Federal:    State:    Total:    $0.00

**E) Chapter 7 Trustee Compensation Allowed Under 11 U.S.C. § 1326(b)(3):**

| Amount Allowed | Monthly Payment (Greater of $25 or 5% of Monthly Payment to Unsecured Creditors) |
|----------------|------------------------------------------------------------------------------------|
| NONE | |

**F) Other Priority Claims:** NONE

**6. SECURED CLAIMS**
Payments under this paragraph will commence after payment of attorney fees and costs allowed under Paragraph 4 of this Plan have been paid in full.

**A) 1) Home Mortgage Claims** (including claims secured by real property which debtor intends to retain):

3

Unless otherwise provided in this plan, Debtor shall pay all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due beginning with the first due date after the case is filed and such creditor shall retain any lien securing its claim. Any pre-petition arrearage shall be paid through this Chapter 13 Plan with interest as provided below and in equal monthly payments as specified below. The amount of pre-petition arrears is determined by the proof of claim, subject to the right of the debtor to object to the amount set forth in the claim. Creditor shall send all ordinary-course-of-business notices to debtors, including, but not limited to, payment coupon books, statements, requests for payments and late payment notices. If payment was authorized by automatic withdrawal from debtor's checking account prior to the filing of the petition herein, then Creditor shall continue such payment method.

Name of Creditor: BANK OF AMERICA - FIRST DEED OF TRUST
Property Description:  6335 BENTON STREET, LINCOLN, NEBRASKA
Estimated pre-petition Arrearage:  $0.00
Pre-Confirmation Interest Rate:  0.0%
Dollar Limit if any on Pre-Confirmation Interest:  NONE
Post-Confirmation Interest Rate:  0.0%
Monthly Payment Amount on pre-petition arrears: $0.00 to be paid after payment of attorney fees and costs allowed in this case have been paid in full.
Total payments on pre-petition arrears plus interest:  $0.00.

Name of Creditor: BANK OF AMERICA - SECOND DEED OF TRUST
Property Description:  6335 BENTON STREET, LINCOLN, NEBRASKA
Estimated Pre-petition Arrearage:  $0.00
Pre-Confirmation Interest Rate:  0.0%
Dollar Limit if any on Pre-Confirmation Interest:  NONE
Post-Confirmation Interest Rate:  0.0%
Monthly Payment Amount on pre-petition Arrears: $0.00 to be paid after payment of attorney fees and costs in this case have been paid in full.
Total Amount on Pre-petition Arrears Plus Interest:  $0.00.

**A) 2) The following claims secured by real property shall be paid in full through the Chapter 13 plan:**
NONE

**B) Post-Confirmation Payments to Creditors Secured by Personal Property:**
Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraph (1) and (2). If debtor elects a different method of payment, such provision is set forth in subparagraph (3).

1) Secured Claims to which § 506 Valuation is **NOT** applicable:
Claims listed in this subsection are debts secured by a purchase money security interest in a personal motor vehicle, incurred within 910 days of filing of the bankruptcy OR debts secured by a purchase money security interest in "any other thing of value", incurred within one year prior to filing of the bankruptcy. These claims will be paid in full with interest as provided below and in equal

4

monthly payments as specified below:

Name of Creditor: AMERICAN HONDA FINANCE CORPORATION
Property Description: 2005 HONDA 250 4 WHEELER
Estimated Claim Amount:  $720.00
Pre-confirmation Interest Rate:  5.25%
Dollar limit, if any, on pre-confirmation interest:  NONE
Post-confirmation Interest Rate:  5.25%
Monthly Payment Amount: $42.98 to be paid after payment of attorney fees and costs in this case have been paid in full
Total Amount:  $775.00
Post-confirmation Adequate Protection Payment:  The Adequate Protection payment, provided in Paragraph 3 above, shall continue until the attorney fees and costs, provided in Paragraph 4 above, have been paid and the equal stream of payments provided in this paragraph commence.

Name of Creditor: AMERICAN HONDA FINANCE CORPORATION
Property Description: 2005 HONDA 250 4 WHEELER
Estimated Claim Amount:  $720.00
Pre-confirmation Interest Rate:  5.25%
Dollar limit, if any, on pre-confirmation interest:  NONE
Post-confirmation Interest Rate:  5.25%
Monthly Payment Amount: $42.98 to be paid after payment of attorney fees and costs in this case have been paid in full
Total Amount:  $775.00
Post-confirmation Adequate Protection Payment:  The Adequate Protection payment, provided in Paragraph 3 above, shall continue until the attorney fees and costs, provided in Paragraph 4 above, have been paid and the equal stream of payments provided in this paragraph commence.

Name of Creditor: HSBC RETAIL SERVICES
Property Description: 2008 KAWASAKI 450 4 WHEELER
Estimated Claim Amount:  $6,700.00
Pre-confirmation Interest Rate:  5.25%
Dollar limit, if any, on pre-confirmation interest:  NONE
Post-confirmation Interest Rate:  5.25%
Monthly Payment Amount: $399.92 to be paid after payment of attorney fees and costs in this case have been paid in full
Total Amount:  $7,200.00
Post-confirmation Adequate Protection Payment:  The Adequate Protection payment, provided in Paragraph 3 above, shall continue until the attorney fees and costs, provided in Paragraph 4 above, have been paid and the equal stream of payments provided in this paragraph commence.

    2) <u>Secured Claims to which § 506 Valuation is applicable</u>:  NONE

    3) <u>Other Provisions</u>:  Debtor will pay all post-petition, personal property taxes owed to the Treasurer of LANCASTER County, before they become delinquent.

    **C) Surrender of Property:** NONE

    **D) Lien Avoidance:** NONE

**7. Executory Contracts/Leases**:
The Debtor rejects the following executory contracts:

Name of Creditor: Caterpillar Access Account Corporation
Property Subject to Executory Contract: Equipment

Name of Creditor: Char-Deb Properties, LLC
Property Subject to Executory Contract: Non-Residential Real Estate

Name of Creditor: Enterprise Funding
Property Subject to Executory Contract: Powder Coating Equipment

Name of Creditor: Marlin Leasing
Property Subject to Executory Contract: Rotary Compressor and Auto Lift

Name of Creditor: Financial Pacific Leasing, LLC
Property Subject to Executory Contract: Paint Booth

**8. Co-signed Unsecured Debts**: NONE

**9. UNSECURED CLAIMS**
Allowed unsecured claims shall be paid pro rata from all remaining funds.

**10. ADDITIONAL PROVISIONS**
    A) If there are no resistances/objections to confirmation of this Plan or after all objections are resolved, the Court may confirm the plan without further hearing.

    B) Property of the estate, including the Debtor's current and future income, shall re-vest in the Debtor at the time a discharge is issued, and the Debtor shall have sole right to use and possession of property of the estate during the pendency of this case.

    C) In order to obtain distributions under the plan, a creditor must file a proof of claim within ninety (90) days after the first date set for the Meeting of Creditors, except as provided in 11 U.S.C. § 502(b)(9). Claims filed after this bar date shall be disallowed except as provided in Bankruptcy Rule 3002.

    D) Unless otherwise provided in this plan or ordered by the court, the holder of each allowed secured claim provided for by the plan shall retain its lien securing such claim as provided in 11 U.S.C § 1325(a)(5)(B).

Dated:  10/6/09

| /s/ Barry L. Simons | /s/ Leslie L. Simons |
|---|---|
| Barry L. Simons, Debtor | Leslie L. Simons, Debtor |
| 6335 Benton Street, Lincoln, NE 68507 | 6335 Benton Street, Lincoln, NE 68507 |

By:  /s/ David P. Lepant
  David P. Lepant, #20104
  Lepant Law Office, PC, LLO
  Attorney for Debtor(s)
  119 North Fifth Street
  Beatrice, Nebraska 68310
  (402) 223-4071
  lawoffice@lepantlaw.com

NOTICE OF RESISTANCE DEADLINE

ANY RESISTANCE TO THIS PLAN OR REQUEST FOR A HEARING MUST BE FILED IN WRITING WITH THE BANKRUPTCY CLERK'S OFFICE (SEE ORIGINAL NOTICE OF BANKRUPTCY FOR ADDRESS) AND SERVED ON THE ATTORNEY FOR THE DEBTOR AT THE ADDRESS LISTED BELOW, ON OR BEFORE FOURTEEN (14) DAYS AFTER THE CONCLUSION OF THE MEETING OF CREDITORS.  IF A TIMELY RESISTANCE OR REQUEST FOR HEARING IS FILED AND SERVED, THE BANKRUPTCY COURT WILL HANDLE THE RESISTANCE IN ACCORDANCE WITH GENERAL ORDER NO. 07-01.  IF THERE ARE NO OBJECTIONS TO THE PLAN AS FILED, THE COURT MAY CONFIRM THE PLAN WITHOUT FURTHER HEARING.

CERTIFICATE OF SERVICE

On October 9, 2009, the undersigned hereby certifies that a copy of the Plan was served upon all creditors listed on the court matrix on file with the court, parties-in-interest, and those requesting notice, by first class United States mail, postage prepaid.  The undersigned relies on the CM/ECF system to provide notice to the office of the United States Trustee and Kathleen Laughlin, Chapter 13 Trustee.

DATED: October 9, 2009.

By:    /s/ David P. Lepant
David P. Lepant, #20104
Attorney for the Debtor(s)
Lepant Law Office, PC, LLO
119 North Fifth Street
Beatrice, Nebraska 68310
(402) 223-4071
lawoffice@lepantlaw.com